**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:

RAY A. EDGEWORTH
PEGGY W. EDGEWORTH,

      Debtor.
_____/

Case No. 16-21474-EPK

Chapter 7

**RE-NOTICE BY RES-GA ELEVEN, LLC OF**
**TAKING RULE 2004 EXAMINATION DUCES TECUM OF DEBTORS**

*Cancels Examination Previously Set for October 31, 2016 at 9:30 a.m.*

RES-GA ELEVEN, LLC ("RES-GA") by undersigned counsel, will examine the **Debtors, Ray A. Edgeworth and Peggy W. Edgeworth**, under oath on Tuesday, **November 8, 2016 at 9:30 a.m.** at Veritext Court Reporting, 1400 Centrepark Boulevard, Suite 850, West Palm Beach, FL 33401 (561) 478-0401, following the production of the documents requested in the attached document requests.

The examination is pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1, and will be taken before an officer authorized to record the testimony. The scope of the examination shall be as described in Bankruptcy Rule 2004. Pursuant to Local Rule 2004-1 no order shall be necessary.

**The Debtors are directed to produce and deliver to RES-GA, c/o Mark S. Roher [mroher@markroherlaw.com], Law Office of Mark S. Roher, P.A., 5701 N. Pine Island Rd., Ste. 301, Fort Lauderdale, FL 33321, any documents described on the attached Schedule A that have not yet been produced on or before 9:00 a.m. on October 31, 2016.**

Dated:  October 28, 2016          **LAW OFFICE OF MARK S. ROHER, P.A.**
                                  *Counsel for RES-GA ELEVEN, LLC*
                                  5701 N. Pine Island Rd., Suite 301
                                  Fort Lauderdale, Florida 33321
                                  Email:  mroher@markroherlaw.com
                                  Telephone:  (954) 353-2200
                                  Facsimile:  (954) 724-5047

                                  By:   */s/ Mark S. Roher*
                                       Mark S. Roher
                                       Florida Bar No. 178098

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of October, 2016, a true and correct copy of the foregoing was served by CM/ECF on all parties listed below.

                                  */s/ Mark S. Roher*
                                  Mark S. Roher

Nicole Testa Mehdipour
Trustee@ntmlawfirm.com,
TRUSTEE_CMECF_Service@ntmlawfirm.com;FL80@ecfcbis.com;ntm@trustesolutions.net;cm_ecf@mehdipourtrustee.com;bcasey@mehdipourtrustee.com;BCasey@ntmlawfirm.com

Sean M Murray, Esq on behalf of Debtor Ray A. Edgeworth
smurray1710@comcast.net

Sean M Murray, Esq on behalf of Joint Debtor Peggy W. Edgeworth
smurray1710@comcast.net

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov ecf@ch13weiner.com;ecf2@ch13weiner.com

**Schedule "A"**

**Definitions**

As used in this request, the following words shall be defined as follows:

1) "Document" includes, but is not limited to, originals where available, or otherwise a carbon copy, xerox copy or other copy, including each non-identical copy (whether different from the original because of marginal notes, or other material inserted or attached thereto, or otherwise) of each item of correspondence, letters, memoranda, messages, telephone bills, notes, offers, orders, confirmations, contracts, agreements, reports, punch sheets, punch lists, agendas, cables, telegrams, diaries, appointment books, invoices, ledgers, returns, accounts, checks, check stubs, drafts, statements, indexes, data sheets, data processing cards, logs, worksheets, service orders, expense vouchers, maintenance records, inspection reports, licenses, permits, settlement paperwork, printing, pictures, advertisements, slides, film, microfilm, micro fiche and other written matter of every kind and character; transcripts, recording tapes, recording disks or other records of oral communications; and graphs, books, charts, tables, prospectuses, tabulations, worksheets, compilations, summaries, minutes, lists, pamphlets, brochures, drawings, renderings, diagrams, sketches, etchings, tracings, plans, blueprints, posters, periodicals, publications, bulletins, computer printouts, studies, electronic mail, information contained in electronic or computer storage media and other papers in the possession, custody or control of Ray A. Edgeworth and Peggy W. Edgeworth, or their agents, employees, joint venturers, attorneys or representatives, including documents which were prepared by Ray A. Edgeworth and Peggy W. Edgeworth, or their agents, employees, joint venturers, attorneys or representatives, which did not leave the custody of the person preparing them.

2)      "You", "Your" and "Debtors" collectively refers to Ray A. Edgeworth and Peggy W. Edgeworth, or their agents, employees, attorneys or representatives, and any and all other persons acting for, purporting to act for or subject to the control of Ray A. Edgeworth and Peggy W. Edgeworth, including any business or business entity in which You have or had an interest in the four (4) year period leading up to and including the Petition Date.

3)      "And" or "Or" shall include the conjunctive as well as the disjunctive.

4)      "Communications" include correspondence, discussions, telephone conversations and all other forms of written or oral communication.

5)      "Petition Date" means August 20, 2016.

### Instructions

1.      List all documents withheld under any claim of privilege, or other protection from discovery in response to these requests.

2.      Identify each withheld document by setting forth:

(a)     the type of document (e.g., letter, memorandum, telegram, chart, photograph, reproduction, etc.);
(b)     the date of the document;
(c)     the names of the author and each addressee;
(d)     the name, address and title of the custodian of each document not produced;
(e)     the identity of the person(s) asserting the privilege/protection claimed;
(f)     the identity of the person(s) having knowledge of the information sought;
(g)     the subject matter of the document; and
(h)     the basis upon which the privilege/protection is claimed.

3.      These document requests are continuing and further supplemental responses and production shall be made and served upon counsel for RES-GA if and when additional documents or communications relevant to these document requests come into your possession.

4.      Unless otherwise stated, these document requests call for the production of documents created, dated, sent or received on or after August 20, 2012, through and including the present.

## **Schedule of Documents to be Produced**

1.      A copy of the closing statement for the home located at 2247 SW Cape Cod Drive, Port St. Lucie, FL 34953 (the "Port St. Lucie Residence").

2.      Any and all documents and communications showing how You paid for the Port St. Lucie Residence.

3.      Any and all documents and communications showing the sources of any and all funds used by You to acquire the Port St. Lucie Residence.

4.      An itemized schedule of all real property which You have owned, directly or indirectly, or had an ownership interest, or beneficial interest, in the six (6) year period up to and including the Petition Date, detailing the property address, the legal description, and Your interest therein.

5.      For all properties described in Paragraph 4, copies of all documents reflecting Your ownership interest in said real property, including but not limited to deeds, sales contracts and mortgages and closing statements.

6.      For all properties described in Paragraph 4 that were sold or transferred, either by You or to You, or by or to an entity in which you have or had any type of legal or beneficial interest or by or to any individual, before the Petition Date, an itemized schedule detailing when the real property was transferred or sold, contact information for the transferee, and the amount received for the transfer or sale and copies of all documents evidencing the transfer of the real property including deeds and sales contracts.

7. For all properties described in Paragraph 4, copies of all account statements reflecting the current loan balance of any and all mortgages or other liens secured by these properties, including by not limited to financial statements prepared by You or on Your behalf that were submitted and any other financial statements produced to mortgage holders.

8. For all properties described in Paragraph 4, copies of any or all insurance policies and/or binders covering the last four years up to and including the Petition Date.

9. All account statements for the Charles Schwab IRA account with a $5,368.00 balance listed in item 22 of Schedule A/B covering the last four (4) years up to and including the Petition Date.

10. All account statements for the Equity Trust Company SEP IRA account listed in item 22 of Schedule A/B covering the last four (4) years up to and including the Petition Date.

11. All account statements for the Prudential SEP IRA account listed in item 22 of Schedule A/B covering the last four (4) years up to and including the Petition Date.

12. All account statements for the Prudential IRA account listed in item 22 of Schedule A/B covering the last four (4) years up to and including the Petition Date.

13. All account statements for the Charles Schwab IRA account with a $10,493.00 balance listed in item 22 of Schedule A/B covering the last four (4) years up to and including the Petition Date.

14. All documents relating to or evidencing any and all contributions to any retirement plans during the four (4) years prior to the Petition Date thought the present.

15. Copies of any Documents that relate to any checking, savings, or other financial accounts; certificates of deposits; shares in credit unions, brokerage houses, and other similar institutions over which You have had signature authority (including, but not limited to, copies of

statements, items, memoranda, evidence of wire transfers, debits, credits and cashier's checks, and as to any checks of any kind, copies of the front and back) from March 31, 2012 up to and including the Petition Date.

16. Copy of Your passport.

17. Color photographs and an itemized schedule of the household goods and furnishings listed in item 6 of Schedule A/B and valued at $800.00 and copies of any documents that support the scheduled valuation.

18. Color photographs and an itemized schedule of the electronics listed in item 7 of Schedule A/B and valued at $60.00 and copies of any documents that support the scheduled valuation.

19. Color photographs and an itemized schedule of all equipment for sports and hobbies listed in item 9 of Schedule A/B and valued at $80.00 and copies of any documents that support the scheduled valuation.

20. Color photographs and an itemized schedule of all jewelry listed in item 12 of Schedule A/B and valued at $100.00 and copies of any documents that support the scheduled valuation.

21. All insurance binders on any insurance policy obtained on Your personal property for the last four (4) years up to and including the Petition Date.

22. Credit card statements for each and every credit card in which You are listed as a signatory for the last four (4) years up to and including the Petition Date.

23. All charge account statements for every charge account listed on Schedule F of Your Petition for the last four (4) years up to and including the Petition Date.

24. All account statements for every line of credit listed on Schedule F of Your Petition for the last four (4) years up to and including the Petition Date.

25. All financial statements, inventories, and schedules reflecting Your assets, liabilities, income and net worth, whether prepared by You or on Your behalf, for the last four (4) years up to and including the Petition Date.

26. All documents referring to, regarding, or reflecting the nature of the goods or services purchased or obtained with the credit cards and credit line debts incurred by You, including receipts, bills, checks, invoices, and any other documents identifying the goods or services purchased.

27. Any and all documents in Your possession or obtainable by You that relate to any business in which You have or had an interest for the four (4) year period up to and including the Petition Date.

28. A schedule of all personal property owned by You or in which You have had an interest of any kind (whether legal or beneficial or a combination thereof) at any time for the (4) years up to and including the Petition Date.

29. Copies or any rent rolls for any real property owned by You (either individually or with any other individual or entity) during the four (4) years prior to the Petition Date thought the present.

30. Copies of any leases for any real property owned by You (either individually or with any other individual or entity) during the four (4) years prior to the Petition Date thought the present.

31. Copies of any communications with any tenant(s) or lessee(s) of any real property owned by You (either individually or with any other individual or entity) during the four (4) years prior to the Petition Date thought the present.