**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:

RAY A. EDGEWORTH
PEGGY W. EDGEWORTH,

    Debtor.
_____/

Case No. 16-21474-EPK

Chapter 7

**RES-GA ELEVEN, LLC'S**
**OBJECTION TO DEBTORS' CLAIMED EXEMPTIONS**

RES-GA ELEVEN, LLC ("**RES-GA**") by undersigned counsel and pursuant to 11 U.S.C. § 522(o)(4) files this Objection to the Claimed Exemptions of the Debtors, Ray A. Edgeworth ("**Ray**") and Peggy W. Edgeworth ("**Peggy**" who along with Ray are collectively referred to as the "**Debtors**"), as follows:

**A.**    **Relevant Background**

1.    On August 20, 2016 (the "**Petition Date**"), the Debtors filed their voluntary petition for relief under chapter 7 of the Bankruptcy Code.

2.    On or about August 25, 2005, PR Custom Homes, Inc. ("**PR**") executed promissory notes (the "**PR Notes**") in favor of Integrity Bank in the principal amount of $1,178,000.00 and $416,000.00 (the "**PR Loan**"), copies of which are attached hereto as Composite Exhibit "A".

3.    On August 25, 2005, the Debtors a Guaranty for the PR Loan (the "**Guaranty**), a copy of which are is hereto as Exhibit "B".

4.    On November 17, 2008, the FDIC as Receiver of Integrity Bank (the "**FDIC**") sent a demand letter to Ray as a result of PR's failure to timely make payments and demanded payment on the Guaranties (the "**Demand Letter**"), a copy of which is attached hereto as Exhibit "C".

5.      On February 9, 2010, the FDIC executed an Allonge and Omnibus Assigment for each of the PR Notes and the Guaranty in favor of Multibank 2009-1 RES-ADC Venture, LLC ("**Multibank**"), copies of which are attached hereto as Composite Exhibit "D".

6.      On or about September 30, 2010, Debtors sold their house in Gadsden, Alabama (the "**Alabama Sale**") and received cash proceeds in the amount of $247,366.07 from the sale (the "**Alamaba Proceeds**"), a set forth on the HUD-1 Settlement Statement attached hereto as Exhibit "E".

7.      At the time of the Alabama Sale, the homestead exemption in Alabama was $5,000.00. *See In re Middleton*, 544 B.R. 449, 452 (S.D. Ala. 2016) ("On June 11, 2015, Alabama amended the state's homestead and personal property exemptions for the first time in over thirty-five years . . . , and the homestead exemption was raised from $5,000 to $15,000.").

8.      On February 11, 2011, Debtors purchased a house located at 2247 S.W. Cape Cod Drive, Port St. Lucie, FL 34953 (the "**Port St. Lucie House**") for $87,900.00 cash, as set forth on the Warranty Deed attached hereto as Exhibit "F".

9.      At the time of the Debtor's purchase of the Port St. Lucie House, in addition to the Debtors unpaid obligation under the Guaranty, the following joint debts listed in Debtor's Bankruptcy Schedules [ECF No. 1] were outstanding:

   a.   Branch Banking and Trust - $163,213.00 (incurred in 2007);

   b.   Hope Lumber & Supply Co. – unknown amount (incurred in 2007);

   c.   LaFarge Building Materials, Inc. – unknown amount (incurred in 2007); and

   d.   SunTrust Bank - $204,607.74 – (incurred in 2010).

10. At Ray's 2004 examination conducted by RES-GA on November 8, 2016, Ray testified that at the time of the purchase of the Port St. Lucie House with some of the Alabama Proceeds, the Debtors "underwater" on most of their personal obligations.

11. Debtors' Bankruptcy Schedule A lists the value of the Port St. Lucie House at $117,000.00 [ECF No. 1].

12. Debtors have claimed the entire value of the Port St. Lucie House as exempt on Bankruptcy Schedule C [ECF No. 1].

**B.     Relief Requested**

13. The Debtor's purchase of the Port St. Lucie House for cash represents a conversion of non-exempt property in the amount of at least $82,900.00 ($87,900.00 less the $5,000.00 exemption allowable under Alabama law at the time of the purchase) into exempt homestead property under Florida law. Accordingly, 94.3% of the value of the Port St. Lucie House is attributable to the non-exempt property disposed of.

14. At the time of the purchase of the Port St. Lucie House, Debtors had significant outstanding debts and in Ray's own words were "underwater" to their joint obligations owed to RES-GA's predecessor and to their other creditors.

15. Section 522(o)(4) of the Bankruptcy Code provides:

> (o) For purposes of subsection (b)(3)(A), and notwithstanding subsection (a), the value of an interest in-
>
> (4) real or personal property that the debtor or a dependent of the debtor claims as a homestead;
>
> shall be reduced to the extent that such value is attributable to any portion of any property that the debtor disposed of in the 10-year period ending on the date of the filing of the petition with the intent to hinder, delay, or defraud a creditor and that the debtor could not exempt, or that portion that the debtor could not exempt, under subsection (b), if on such date the debtor had held the property so disposed of.

11 U.S.C. § 522(o)(4).

16. Debtor's purchase of the Port St. Lucie House for $87,900.00 was done within 10 years of the Petition Date and with the intent to hinder, delay, or defraud RES-GA and their other joint creditors.

17. Accordingly, Debtors should only be permitted to claim no more than the $5,000.00 allowed homestead exemption under Alabama law in the Port St. Lucie House at the time of the purchase of the residence.

**WHEREFORE**, RES-GA ELEVEN, LLC respectfully requests that the Court enter an order sustaining its objection to the Debtor's claimed exemption in the Port St. Lucie House and Debtors should only be permitted to claim no more than the $5,000.00 allowed homestead exemption under Alabama law in the Port St. Lucie House and providing for such further relief deemed appropriate under the circumstances.

Dated:  November 21, 2016    **LAW OFFICE OF MARK S. ROHER, P.A.**
*Counsel for RES-GA ELEVEN, LLC*
5701 N. Pine Island Rd., Suite 301
Fort Lauderdale, Florida 33321
Email:  mroher@markroherlaw.com
Telephone:  (954) 353-2200
Facsimile:  (954) 724-5047

By:  */s/ Mark S. Roher*
Mark S. Roher
Florida Bar No. 178098

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of November, 2016, a true and correct copy of the foregoing was served by CM/ECF on all parties listed below.

/s/ *Mark S. Roher*
Mark S. Roher

Nicole Testa Mehdipour
Trustee@ntmlawfirm.com,
TRUSTEE_CMECF_Service@ntmlawfirm.com;FL80@ecfcbis.com;ntm@trustesolutions.net;cm_ecf@mehdipourtrustee.com;bcasey@mehdipourtrustee.com;BCasey@ntmlawfirm.com

Sean M Murray, Esq on behalf of Debtor Ray A. Edgeworth
smurray1710@comcast.net

Sean M Murray, Esq on behalf of Joint Debtor Peggy W. Edgeworth
smurray1710@comcast.net

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov ecf@ch13weiner.com;ecf2@ch13weiner.com

5