# EXHIBIT "A"



**INTEGRITY BANK**
**NON-CONSUMER REAL ESTATE NOTE**

$1,178,800.00                    Alpharetta, Georgia                    August 25 ,2005

FOR VALUE RECEIVED, the undersigned promises to pay to the order of INTEGRITY BANK (hereinafter called the "Bank"), at Alpharetta, GA, 30022, or at such other place or to such other person as the Bank may designate in writing, the principal sum of **One Million One Hundred Seventy Eight Thousand Eight Hundred** Dollars **($1,178,800.00 )**, together with interest thereon from date hereof at the rate of **one half** percent **(0.50%)** per annum above the Bank Prime Rate as published in the Wall Street Journal, on the unpaid principal balance until paid. Any change in the interest rate resulting from foregoing provisions shall be effective simultaneously with a change in said Bank Prime Rate.

Principal and interest shall be due and payable as follows:

Interest only at said rate shall be due and payable monthly from said date hereof, in arrears, commencing on the tenth (10th ) day of the first (1st) month following the first full calendar month after the date hereof and continuing on the tenth (10th) day of each and every month thereafter until **August 25, 2006,** at which time the entire outstanding principal balance together with all accrued but unpaid interest shall be due and payable in full. Interest hereunder shall be charged only on the sums advanced from the date of advance to the date of repayment. Interest hereunder, if on an annual basis, shall be computed on the basis of a 360-day year. The interest charged hereunder, if not paid when due, shall be added to the principal balance due and bear interest at the agreed rate herein.

If undersigned is more than fifteen (15) days late in making any payment then, in addition to such payment, undersigned will pay a late charge of the lesser of $250.00 or 5% of the amount of such payment.

Each payment as made shall be applied first, to the payment of late charges, if any, then to the payment of interest on the principal sum or on the balance of the principal sum remaining from time to time unpaid, and the balance of said payment shall be applied to principal.

Should any installment of principal or interest not be paid when due, or should an event of default occur under that certain Deed to Secure Debt and Security Agreement dated **August 25, 2005,** from **P R Custom Homes, Inc.,** to the Bank conveying as security for this indebtedness real property located in **Gwinnett** County, Georgia, being **Proposed Building 1, Lots 62-65 and Proposed Building 5, Lot 87-90, The Reserve at Ivy Creek,** the entire unpaid principal sum evidenced by this Note, with all accrued interest, shall at the option of the Bank and without notice to the undersigned, become immediately due and payable and may be collected forthwith, time being of the essence of this contract. It is further agreed that the failure of the holder to exercise this right of accelerating the maturity of the debt, or indulgence granted from time to time, shall in no event be considered as a waiver of such right of acceleration or estop the holder from exercising such right.

If fulfillment of any provision hereof or any transaction related hereto at the time performance of such provisions shall be due, shall involve transcending the limit of validity presently prescribed by any applicable usury statute or any other applicable law, with regard to obligations of like character and amount, then ipso facto, the obligation to be fulfilled shall be reduced to the limit of such validity; and if any clause or provision herein contained operates or would prospectively operate to invalidate this Agreement in whole or in part, then such clause or provision only shall be held for naught, as though not herein contained, and the remainder of this Agreement shall remain operative and in full force and effect.

So long as there is no default hereunder, the principal sum of this Note may be prepaid in full or in part at any time without premium or penalty for such prepayment and without further interest on the amounts prepaid; partial prepayments shall be applied against principal installments in inverse order of their maturity.

In case this Note is collected by law or through an attorney-at-law, all costs of collection, including 15% of the unpaid balance hereof, less any credits provided herein, as attorney's fees, shall be paid by the undersigned.

If more than one party shall execute this Note, the term "undersigned" as used herein shall mean all the parties signing this Note, and each of them shall be jointly and severally obligated hereunder.

And each of the undersigned, whether principal, surety, guarantor, endorser, or other party, severally waives and renounces, each for himself, herself and family, and hereby assigns to Holder of this Note as further security for the indebtedness evidenced hereby, any and all homestead and exemption rights either of the undersigned, or the family of either of the undersigned, may have under or by virtue of the laws of the State of Georgia, or any other State, or the United States, as against this debt or any renewal or extension thereof, and further waives presentment, protest and notice of dishonor. The Holder of this Note is hereby appointed attorney-in-fact for the undersigned to claim any such homestead and exemption rights for application toward satisfaction of the indebtedness evidenced hereby.

This Note shall be construed and enforced according to the laws of the State of Georgia.

Borrower hereby represents and warrants that the credit extended hereunder IS NOT primarily for personal, family or household purposes, but is for the purpose of **Construction of residential property.**

As additional security for the payment of this and any other liability of any or all of the undersigned to the Bank, irrespective of the nature of such liability or the time it arises, the undersigned hereby assigns, conveys, and grants a security interest to the Bank in all property of any and all of the undersigned in or coming into the possession, control or custody of the Bank, or in which the Bank has or hereafter acquires a lien, security interest, or other right (including, but not limited to, balances, credits, deposits, accounts and monies). The undersigned agrees to furnish, upon demand, such additional collateral and to execute any appropriate documents related thereto, as may be deemed necessary by the Bank for its security. The undersigned further authorizes the Bank, without notice, to apply any indebtedness due or to become due from Bank to any or all of the undersigned in satisfaction of any liability described in this paragraph.

IN WITNESS WHEREOF, this Non-Consumer Real Estate Note has been duly executed and sealed by the undersigned, and any such execution and sealing by a corporation, partnership or limited liability company has been carried out by its proper officers, partners, managers or members, as appropriate, thereunto duly authorized, the date and year first above written.

ADDRESS:                                                 P R Custom Homes, Inc.:

    1173 Forest Crest Court
    Dacula, GA 30019

PHONE:                          By: _____

                       Ray Edgeworth, President      [SEAL]

**THIS SECTION FOR BANK USE ONLY**

Checking Account Number _____

_____      _____          _____          _____          _____
Due          Rate             Renewal          Reduction        Officer



LOAN # 400612300, 400612600, 400612900, 400613100

LOT 62, 65, 63, 88 BLOCK        S/D RESERVE AT IVY CREEK

AGREEMENT TO MODIFY PROMISSORY NOTE

WHEREAS, as of August 25, 2005 , P R CUSTOM HOMES, INC. ("Borrower") executed and delivered to *I*NTEGRITY BANK ("*I*ntegrity") a promissory note in the original principal sum of ONE MILLION ONE HUNDRED SEVENTY EIGHT THOUSAND EIGHT HUNDRED AND 00/100THS ($1,178,800.00) DOLLARS, having a maturity date of August 25, 2006, a true and correct copy of which is attached hereto as Exhibit "A" (the "Note");

WHEREAS, as security for Borrower's indebtedness to *I*ntegrity as evidenced by the Note, Borrower executed and delivered to *I*ntegrity a deed to secure debt dated August 25, 2005 and recorded in Deed Book 44351 , page 218 , in the office of the Clerk of the Superior Court of [Gwinnett] County, Georgia;

WHEREFORE, in consideration of the payment of TEN DOLLARS ($10.00) in hand paid, the receipt and sufficiency of which is hereby acknowledged, and the mutual promises, covenants and conditions contained herein, Borrower and Integrity do hereby agree as follows:

As of August 25,2006, the principal sum on the Note is acknowledged to be 589,400.00

The maturity date of the Note shall be and is hereby amended to be Augsut 25, 2007.

All other terms and conditions of the Note shall remain in full force and effect.

IN WITNESS WHEREOF, the undersigned have hereunto set their hands and affixed their seals as of this day of August, 2006.

P R CUSTOM HOMES, INC:

By: _____
RAY EDGEWORTH, PRESIDENT

*I*NTEGRITY BANK                                    SEAL

By: _____
Clyde R. Smith, President

PL



BANK

LOAN 400612600, 400612900

LOT 65 and 63  BLOCK          S/D RESERVE AT IVY CREEK

AGREEMENT TO MODIFY PROMISSORY NOTE

    WHEREAS, as of August 25, 2005, P. R. CUSTOM HOMES, INC, ("Borrower") executed and delivered to INTEGRITY BANK ("Integrity") a promissory note in the original principal sum of ONE MILLION ONE HUNDRED SEVENTY EIGHT THOUSAND EIGHT HUNDRED AND 00/100THS ($1,178,800.00) DOLLARS. having a maturity date of AUGUST 25, 2006 [ as renewed by Note dated AUGUST 25, 2006, with a new maturity date of AUGUST 25, 2007, with a new principal sum of $ 589,400.00 ], a true and correct copy of which is attached hereto as Exhibit "A" (the "Note");

    WHEREAS, as security for Borrower's indebtedness to Integrity as evidenced by the Note, Borrower executed and delivered to Integrity a deed to secure debt dated AUGUST 25, 2005 and recorded in Deed Book 44351, page 218, in the office of the Clerk of the Superior Court of [GWINNETT] County, Georgia;

    WHEREFORE, in consideration of the payment of TEN DOLLARS ($10.00) in hand paid, the receipt and sufficiency of which is hereby acknowledged, and the mutual promises, covenants and conditions contained herein, Borrower and Integrity do hereby agree as follows:

    As of NOVEMBER 15, 2007, the principal sum on the Note is acknowledged to be $ 294,700.00.

    The maturity date of the Note shall be and is hereby amended to be NOVEMBER 15, 2009.

    The interest rate under the Note is hereby amended to be Eight percent fixed (8.00%) per annum.

    The regularly scheduled monthly payments are hereby amended to be $ 1,151.55 for note 400612600 and 1,122.99 for note 400612900 beginning with the payment due December 10, 2007, and continuing on the tenth (10th) day of each and every month thereafter until November 15, 2009, at which time the entire outstanding principal balance together with all accrued but unpaid interest shall be due and payable in full.

    All other terms and conditions of the Note shall remain in full force and effect.

    IN WITNESS WHEREOF, the undersigned have hereunto set their hands and affixed their seals as of this day of November, 2007.

        P. R. Custom Homes, Inc:

        By: _Ray A. Edgeworth_
            Ray Edgeworth, President

    INTEGRITY BANK

        By: _Clyde R. Smith_
            Clyde R. Smith , President

INTEGRITY BANK CORPORATE SEAL 2000 GEORGIA



400612400

### INTEGRITY BANK
### NON-CONSUMER REAL ESTATE NOTE

$416,000.00                     Alpharetta, Georgia                     August 25 ,2005

FOR VALUE RECEIVED, the undersigned promises to pay to the order of **I**NTEGRITY BANK (hereinafter called the "Bank"), at Alpharetta, GA, 30022, or at such other place or to such other person as the Bank may designate in writing, the principal sum of **Four Hundred Sixteen Thousand Dollars ($416,000.00 )**, together with interest thereon from date hereof at the rate of **one half** percent (0.50%) per annum above the Bank Prime Rate as published in the Wall Street Journal, on the unpaid principal balance until paid. Any change in the interest rate resulting from foregoing provisions shall be effective simultaneously with a change in said Bank Prime Rate.

Principal and interest shall be due and payable as follows:

Interest only at said rate shall be due and payable monthly from said date hereof, in arrears, commencing on the tenth (10th ) day of the first (1st) month following the first full calendar month after the date hereof and continuing on the tenth (10th) day of each and every month thereafter until **August 25, 2006**, at which time the entire outstanding principal balance together with all accrued but unpaid interest shall be due and payable in full. Interest hereunder shall be charged only on the sums advanced from the date of advance to the date of repayment. Interest hereunder, if on an annual basis, shall be computed on the basis of a 360-day year. The interest charged hereunder, if not paid when due, shall be added to the principal balance due and bear interest at the agreed rate herein.

If undersigned is more than fifteen (15) days late in making any payment then, in addition to such payment, undersigned will pay a late charge of the lesser of $250.00 or 5% of the amount of such payment.

Each payment as made shall be applied first to the payment of late charges, if any, then to the payment of interest on the principal sum or on the balance of the principal sum remaining from time to time unpaid, and the balance of said payment shall be applied to principal.

Should any installment of principal or interest not be paid when due, or should an event of default occur under that certain Deed to Secure Debt and Security Agreement dated **August 25, 2005**, from **P R Custom Homes, Inc.**, to the Bank conveying as security for this indebtedness real property located in Gwinnett County, Georgia, being **Proposed Building 17, Lots 45-52 , The Reserve at Ivy Creek**, the entire unpaid principal sum evidenced by this Note, with all accrued interest, shall at the option of the Bank and without notice to the undersigned, become immediately due and payable and may be collected forthwith, time being of the essence of this contract. It is further agreed that the failure of the holder to exercise this right of accelerating the maturity of the debt, or indulgence granted from time to time, shall in no event be considered as a waiver of such right of acceleration or estop the holder from exercising such right.

If fulfillment of any provision hereof or any transaction related hereto at the time performance of such provisions shall be due, shall involve transcending the limit of validity presently prescribed by any applicable usury statute or any other applicable law, with regard to obligations of like character and amount, then ipso facto, the obligation to be fulfilled shall be reduced to the limit of such validity; and if any clause or provision herein contained operates or would prospectively operate to invalidate this Agreement in whole or in part, then such clause or provision only shall be held for naught, as though not herein contained, and the remainder of this Agreement shall remain operative and in full force and effect.

So long as there is no default hereunder, the principal sum of this Note may be prepaid in full or in part at any time without premium or penalty for such prepayment and without further interest on the amounts prepaid; partial prepayments shall be applied against principal installments in inverse order of their maturity.

In case this Note is collected by law or through an attorney-at-law, all costs of collection, including 15% of the unpaid balance hereof, less any credits provided herein, as attorney's fees, shall be paid by the undersigned.

If more than one party shall execute this Note, the term "undersigned" as used herein shall mean all the parties signing this Note, and each of them shall be jointly and severally obligated hereunder.

And each of the undersigned, whether principal, surety, guarantor, endorser, or other party, severally waives and renounces, each for himself, herself and family, and hereby assigns to Holder of this Note as further security for the indebtedness evidenced hereby, any and all homestead and exemption rights either of the undersigned, or the family of either of the undersigned, may have under or by virtue of the laws of the State of Georgia, or any other State, or the United States, as against this debt or any renewal or extension thereof, and further waives presentment, protest and notice of dishonor. The Holder of this Note is hereby appointed attorney-in-fact for the undersigned to claim any such homestead and exemption rights for application toward satisfaction of the indebtedness evidenced hereby.

This Note shall be construed and enforced according to the laws of the State of Georgia.

Borrower hereby represents and warrants that the credit extended hereunder IS NOT primarily for personal, family or household purposes, but is for the purpose of **Purchasing of Lots**.

As additional security for the payment of this and any other liability of any or all of the undersigned to the Bank, irrespective of the nature of such liability or the time it arises, the undersigned hereby assigns, conveys, and grants a security interest to the Bank in all property of any and all of the undersigned in or coming into the possession, control or custody of the Bank, or in which the Bank has or hereafter acquires a lien, security interest, or other right (including, but not limited to, balances, credits, deposits, accounts and monies). The undersigned agrees to furnish, upon demand, such additional collateral and to execute any appropriate documents related thereto, as may be deemed necessary by the Bank for its security. The undersigned further authorizes the Bank, without notice, to apply any indebtedness due or to become due from Bank to any or all of the undersigned in satisfaction of any liability described in this paragraph.

IN WITNESS WHEREOF, this Non-Consumer Real Estate Note has been duly executed and sealed by the undersigned, and any such execution and sealing by a corporation, partnership or limited liability company has been carried out by its proper officers, partners, managers or members, as appropriate, thereunto duly authorized, the date and year first above written.

ADDRESS:                                                    P R Custom Homes, Inc.:

**1173 Forest Crest Court**
**Dacula, GA 30019**

PHONE:                                    By: _____
                                              Ray Edgeworth, President          [SEAL]

---

**THIS SECTION FOR BANK USE ONLY**

Checking Account Number _____

_____    _____    _____    _____    _____
Due              Rate              Renewal          Reduction          Officer



LOAN # 400612400

LOT 45-52 BLOCK          S/D RESERVE AT IVY CREEK

AGREEMENT TO MODIFY PROMISSORY NOTE

WHEREAS, as of August 25, 2005 , P R CUSTOM HOMES, INC. ("Borrower") executed and delivered to *I*NTEGRITY BANK ("*I*ntegrity") a promissory note in the original principal sum of FOUR HUNDRED SIXTEEN THOUSAND AND 00/100THS ($416,000.00) DOLLARS, having a maturity date of August 25, 2006, a true and correct copy of which is attached hereto as Exhibit "A" (the "Note");

WHEREAS, as security for Borrower's indebtedness to *I*ntegrity as evidenced by the Note, Borrower executed and delivered to *I*ntegrity a deed to secure debt dated August 25, 2005 and recorded in Deed Book 44351 , page 207 , in the office of the Clerk of the Superior Court of [Gwinnett] County, Georgia;

WHEREFORE, in consideration of the payment of TEN DOLLARS ($10.00) in hand paid, the receipt and sufficiency of which is hereby acknowledged, and the mutual promises, covenants and conditions contained herein, Borrower and Integrity do hereby agree as follows:

As of August 25,2006, the principal sum on the Note is acknowledged to be 416,000.00.

The maturity date of the Note shall be and is hereby amended to be Augsut 25, 2007.

All other terms and conditions of the Note shall remain in full force and effect.

IN WITNESS WHEREOF, the undersigned have hereunto set their hands and affixed their seals as of this day of August, 2006.

P R CUSTOM HOMES, INC:

By: _____
RAY EDGEWORTH, PRESIDENT

*I*NTEGRITY BANK

By: _____          SEAL
Clyde R. Smith, President

# EXHIBIT "B"



# GUARANTY

**GEORGIA, GwinnettCOUNTY**

To induce *I*ntegrity Bank (hereinafter referred to as the "Bank"), to extend credit or continue to extend credit toP R Custom Homes, Inc. (hereinafter referred to as the "Principal"), and for other good and valuable consideration, the receipt of which is hereby acknowledged, the Undersigned (which term refers both to each of the Undersigned individually and to all or any two or more jointly) hereby jointly and severally unconditionally and irrevocably deliver this Guaranty to the Bank and hereby jointly and severally unconditionally and irrevocably guarantee to the Bank, and any transferee of this Guaranty or of any liability guaranteed hereby, the full and prompt payment of all present and future liabilities of the Principal to the Bank irrespective of their nature or the time they arise. If any liability guaranteed hereby is not paid when due, the Undersigned hereby agree to and will immediately pay same, without resort to the holder thereof to any other person or party.

The liabilities covered by this Guaranty and hereby guaranteed by the Undersigned (herein referred to collectively and individually as the "liabilities") include all obligations and liabilities of the Principal to the Bank (whether individually or jointly with others, and whether direct, indirect, absolute or contingent as maker, endorser, guarantor, surety or otherwise) now existing or hereafter coming into existence and renewals or extensions in whole or in part of any of said liabilities and include any and all damages, losses, costs, interest, charges, attorney's fees and expenses of every kind, nature and description suffered or incurred by the Bank, arising in any manner out of or in any way connected with, or growing out of, said liabilities. As used herein, the term person includes natural persons, partnerships, and incorporated and unincorporated entities and associations of every kind.

The monetary obligation of the Undersigned hereunder is limited to the principal sum of UNLIMITED Dollars ($UNLIMITED) plus any liabilities of the Principal arising from or relating to said principal sum (IF NO SPECIFIC LIMITATION IS SET FORTH IN THE SPACE PROVIDED THEN THE MONETARY OBLIGATION OF THE UNDERSIGNED HEREUNDER IS EQUAL TO ALL OF THE LIABILITIES OF THE PRINCIPAL). Any payment of the Undersigned hereunder may be applied to any of the liabilities which the Bank may choose. The obligation of the Undersigned hereunder is in addition to and shall not prejudice or be prejudiced by any other agreement, instrument, surety or guaranty (including any agreement, instrument, surety or guaranty signed by the Undersigned) which the Bank may now or hereafter hold relative to any of the liabilities. The obligation of the Undersigned to the Bank hereunder is primary, absolute and unconditional, except as it may be specifically limited above.

The Bank and Undersigned acknowledge that there may be future advances by the Bank to the Principal (although the Bank may be under no obligation to make such advances) and that the number and amount of the liabilities are unlimited and may fluctuate from time to time hereafter. The Undersigned expressly agree that the Undersigned's obligation hereunder shall remain absolute, primary and unconditional notwithstanding such future advances and fluctuations, if any, and agree that, in any event, this agreement is a continuing Guaranty and shall remain in force at all times hereafter whether there are any liabilities outstanding or not, until all originals hereof are returned to the Undersigned by the Bank or until a written notice from the Undersigned terminating this Guaranty has been received and acknowledged by the Bank, but such written termination shall not release the Undersigned from liability for payment of (i) any and all liabilities (as hereinbefore defined) then in existence, (ii) any renewals or extensions thereof in whole or in part, whether such renewals or extensions are made before or after such termination, and (iii) any damages, losses, costs, interest, charges, attorney's fees or expenses then or thereafter incurred in connection with said liabilities or any renewals or extensions thereof.

As a security for the payment of the liabilities and the obligation of the Undersigned hereunder, the Undersigned hereby assign and grant a security interest to the Bank in (i) all property of the Undersigned in or coming into the possession, control, or custody of the Bank, or in which the Bank has or hereafter acquires a lien, security interest, or other right; and (ii) any existing or hereafter created lien or security interest in favor of the Undersigned in any property of the Principal. The Undersigned hereby agree that any rights of the Undersigned may now or hereafter have in any collateral securing any of the liabilities or against the Principal or any property of the Principal, including rights arising by virtue of subrogation or otherwise, shall be subordinate and junior to the Bank's rights to said collateral or property and to the Bank's indefeasible right to the prior payment of the liabilities. The Undersigned further authorize the Bank, without notice or demand, to apply any indebtedness due or to become due to the Undersigned from the Bank in satisfaction of any of the liabilities and the Undersigned's obligation hereunder, including, but not limited to, the right to set-off against any deposits of the Undersigned with the Bank.

The Undersigned hereby consent and agree that, at any time or times, without notice to or further approval of the Undersigned or the Principal, and without in any way affecting the obligation of the Undersigned hereunder, the Bank may with or without consideration, (i) release, compromise, or agree not to sue, in whole or in part, the Principal, any of the Undersigned or any other obligor, guarantor, endorser or surety upon any of the liabilities; (ii) waive, rescind, renew, extend, modify, increase, decrease, delete, terminate, amend, or accelerate in accordance with its terms, either in whole or in part, any of the liabilities, any of the terms thereof, or any agreement, covenant, condition or obligation of or with the Principal, any of the Undersigned, or any other obligor, guarantor, endorser or surety upon any of the liabilities; and (iii) apply any payment received from the Principal, any of the Undersigned or any other obligor, guarantor, endorser or surety upon any of the liabilities to any of the liabilities which the Bank may choose.

The Undersigned hereby consent and agree that the Bank may at any time, either with or without consideration, surrender, release or receive any property or other security of any kind or nature whatsoever held by it or any person on its behalf or for its account securing any indebtedness of the Principal or any liability, or substitute any collateral so held by the Bank for other collateral of like kind, or of any kind, without notice to or further consent from the Undersigned, and such surrender, receipt, release or substitution shall not in any way affect the obligation of the Undersigned hereunder. The Bank shall have full authority to adjust, compromise and receive less than the amount due upon any such collateral, and may enter into any accord and satisfaction agreement with respect to the same as may seem advisable to the Bank without affecting the obligation of the Undersigned hereunder, which shall remain absolute, primary and unconditional. The Bank shall be under no duty to undertake to collect upon such collateral or any part thereof, and shall not be liable for any negligence or mistake in judgment in handling, disposing of, obtaining, or failing to collect upon, or perfecting a security interest in, any such collateral.

This Guaranty covers all liabilities to the Bank, purporting to be made on behalf of the Principal by any officer, agent or partner of said Principal, without regard to the actual authority of such officer, agent or partner to bind the Principal; and without regard to the capacity of the Principal or whether the organization or charter of the Principal is in any way defective.

The Undersigned hereby waive notice of acceptance of this agreement and of the creation, extension or renewal of any liability of the Principal to which it relates and of any default by the Principal. The Undersigned hereby waive presentment, demand, protest and notice of dishonor of any of the liabilities, and hereby waive any failure to promptly commence suit against any party thereto or liable thereon or to give any notice to or make any claim or demand upon the Undersigned or the Principal. No act, failure to act, or omission of any kind on the part of the Undersigned, the Principal, the Bank or any other person shall be a legal or equitable discharge or release of the Undersigned from their obligation hereunder unless agreed to hereafter in writing by the Bank. This Guaranty shall not be affected by any change which may arise by reason of the death of the Undersigned, or of any partner(s) of the Undersigned, or of

*P*_j*E*    *RAE*    1

the Principal, or by reason of the accession to any such partnership of any one or more new partners. The Undersigned further agree that this instrument shall continue to be effective or be reinstated as the case may be, if at any time payment, or any part thereof, of the principal of or interest on any of the liabilities is rescinded or must otherwise by restored or returned by the Bank upon the insolvency, bankruptcy or reorganization of the Principal, or otherwise, all as though such payment had not been made.

This agreement shall bind and inure to the benefit of the Bank, its successors and assigns, and likewise shall bind and inure to benefit of the Undersigned, their heirs, executors, administrators, estates, successors and assigns. This agreement and its performance, interpretation and enforcement shall in all respects be governed by the laws of the Sate of Georgia. If any legal action or actions are instituted by the Bank to enforce any of its rights against the Undersigned hereunder, then the Undersigned, jointly and severally, agree to pay the Bank all expenses incurred by the Bank relative to such legal action or actions, including, but not limited to, court costs plus 15% of the total amount of the principal and accrued interest then due the Bank hereunder as attorney's fees.

The obligation of the Undersigned hereby created is joint and several, and the Bank is authorized and empowered to proceed against the Undersigned or any of them, without joining the Principal or any other others of the Undersigned. All of said parties may be sued together, or any of them may be sued separately without first or contemporaneously suing the others. There shall by no duty or obligation upon the Bank, whether by notice under Official Code of Ga. Ann § 10-7-24 or otherwise, (i) to proceed against the Principal or any of the Undersigned, (ii) to initiate any proceeding or exhaust any remedy against the Principal or any of the Undersigned, or (iii) to give any notice to the Undersigned or the Principal, whatsoever, before bringing suit, exercising any rights to any collateral or security, or instituting proceedings of any kind against the Principal, the Undersigned or any of them.

In the event of death, incompetency, dissolution or insolvency (as defined by the Uniform Commercial Code as in effect at that time in Georgia) of the Principal, or if a bankruptcy or insolvency action be filed by or against the Principal, or if a receiver be appointed for any part of the property or assets of the Principal, or if any final judgment for money damages be entered against the Principal in a court of competent jurisdiction and remain unsatisfied for a period of thirty (30) days or more, and whether or not such event occurs at a time when any of the liabilities are otherwise due and payable, the Undersigned agree to pay to Bank upon demand the full amount which would be payable hereunder by the Undersigned if all liabilities were then due and payable. Until all liabilities of Undersigned to Bank have been paid in full, the Undersigned shall have no right of subrogation and hereby waive any right to enforce any remedy which Bank now has or may hereafter have against Principal and any benefit of, and any right to participate in, any security now or hereafter held by Bank.

The Undersigned hereby ratify, confirm, and adopt all the terms, conditions, agreements and stipulations of all notes and other evidences of the liabilities heretofore or hereafter executed. Without in any way limiting the generality of the foregoing, the Undersigned, and each of them, waive and renounce, each for himself and family, any and all homestead or exemption rights any of them may have under or by virtue of the Constitution or laws of Georgia, any other state, or the United States, as against the obligation hereby created, provided, however, that such waiver shall not apply to any obligation created hereunder which arises from any of the liabilities that are consumer credit transactions; and the Undersigned each do hereby transfer, convey and assign, and direct any trustee in Bankruptcy or receiver to deliver to the Bank or holder hereof, a sufficient amount of property or money in any homestead or exemption that may be allowed to the Undersigned, or any of them, to pay any liability guaranteed hereby in full and all costs of collection. The Undersigned also waive and renounce for themselves any defense to any of the liabilities which may be available to or could be asserted by the Principal, except for payment. All the Bank's rights and remedies are cumulative and those granted hereunder are in addition to any rights and remedies available to the Bank under law. If any provision of this agreement or the application thereof to any person or circumstances shall, to any extent, be invalid or unenforceable, the remainder of this agreement or the application of such provision to persons or circumstances other than those as to which it is held invalid or unenforceable shall not be affected thereby, and each provision of this agreement shall be valid and enforceable to the full extent permitted by law. The failure or forbearance of the Bank to exercise any right hereunder, or otherwise granted to it by law or another agreement, shall not affect the obligation of the Undersigned hereunder and shall not constitute a waiver of said right. This Guaranty contains the entire agreement between the parties, and no provision hereof may be waived, modified, or altered except by writing executed by the Undersigned and the Bank. There is no understanding that any person other than or in addition to the Undersigned shall execute this Guaranty.

THE UNDERSIGNED'S EXECUTION OF THIS GUARANTY WAS NOT BASED UPON ANY FACTS OR MATERIALS PROVIDED BY BANK, NOR WAS THE UNDERSIGNED INDUCED TO EXECUTE THIS GUARANTY BY ANY REPRESENTATION, STATEMENT OR ANALYSIS MADE BY BANK. THE UNDERSIGNED ACKNOWLEDGE AND AGREE THAT THE UNDERSIGNED ASSUME SOLE RESPONSIBILITY FOR INDEPENDENTLY OBTAINING ANY INFORMATION OR REPORTS DEEMED ADVISABLE BY THE UNDERSIGNED WITH REGARD TO THE PRINCIPAL OR ANY OF THE UNDERSIGNED, AND THE UNDERSIGNED AGREE TO RELY SOLEY ON THE INFORMATION OR REPORTS SO OBTAINED IN REACHING ANY DECISION TO EXECUTE OR NOT TO TERMINATE THIS GUARANTY. THE UNDERSIGNED ACKNOWLEDGE AND AGREE THAT THE BANK IS AND SHALL BE UNDER NO OBLIGATION NOW OR IN THE FUTURE TO FURNISH ANY INFORMATION TO THE UNDERSIGNED CONCERNING THE PRINCIPAL, THE LIABILITIES OR ANY OF THE OTHER UNDERSIGNED, AND THAT THE BANK DOES NOT AND SHALL NOT BE DEEMED IN THE FUTURE TO WARRANT THE ACCURACY OF ANY INFORMATION OR REPRESENTATION CONCERNING THE PRINCIPAL, THE UNDERSIGNED OR ANY OTHER PERSON WHICH MAY INDUCE THE UNDERSIGNED TO EXECUTE OR NOT TO TERMINATE THIS GUARANTY.

IN WITNESS HEREOF and in agreement hereto the undersigned individual(s) have affixed their signatures and seals and the

undersigned corporation(s) have caused their seals be affixed by their duly authorized officers

this 25 day of August, 2005.


GUARANTORS


_____ (SEAL)
Ray Edgeworth


_____ (SEAL)
Peggy Edgeworth


_____ (SEAL)


2

# EXHIBIT "C"

FileName: P R CUSTOM HOMES INC
AccountNo. 400612600
FDIC Control No. P000435
Custodian ID No. 10012001473
AMONo. 3002.117

## ALLONGE

THIS ALLONGE IS TO BE ATTACHED TO AND MADE AN INTEGRAL PART of the following instrument:

Note (and any amendments, modifications or changes thereto): NON-CONSUMER REAL ESTATE NOTE
Dated: August 25, 2005
Payable by: P R CUSTOM HOMES, INC.
Payable to the Order of: INTEGRITY BANK
Original Principal Amount: One Million One Hundred Seventy-Eight Thousand Eight Hundred and 00/100 Dollars ($1,178,800.00)

PAY TO THE ORDER MULTIBANK 2009-1 RES-ADC VENTURE, LLC, A DELAWARE LIMITED LIABILITY COMPANY, WITHOUT RECOURSE AND WITHOUT REPRESENTATION OR WARRANTY, EXPRESS, IMPLIED OR BY OPERATION OF LAW, OF ANY KIND AND NATURE WHATSOEVER.

FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR INTEGRITY BANK

By: _____
Name:  Vanessa A. Orta
Title:   Attorney-in-Fact

Dated as of February 9, 2010



**FDIC**
**Federal Deposit Insurance Corporation**
**as Receiver of Integrity Bank**
P. O. Box 2008, Alpharetta, GA 30023-2008

November 17, 2008

<u>**CERTIFIED MAIL NO. 7007 2560 0000 5218 5277**</u>
<u>**RETURN RECEIPT REQUESTED**</u>

Mr. Ray Edgeworth
Guarantor
PR Custom Homes, Inc.
5172 Legends Drive
Braselton, GA 30517

Re:    Promissory Note dated August 25, 2005 in the original principal amount of $416,000.00, made payable by PR Custom Homes, Inc. (the "Borrower") to FDIC as Receiver of Integrity Bank (the "FDIC")

Dear Mr. Edgeworth:

As you know, the FDIC is the holder of the Note that you ("Guarantor") guaranteed. The Note is secured by a Construction Deed to Secure Debt and Security Agreement dated August 25, 2005 ("Security Deed") pursuant to which the Borrower conveyed to the FDIC security title to certain real property located in Gwinnett County, Georgia and any improvements or personalty thereon. [The Note, the Security Deed, all amendments, and all other documents executed in connection with the loan are collectively referred to as "Loan Documents"].

The Loan Documents are now in default because of the Borrower's failure to make timely payments under the Note. The FDIC hereby exercises its rights under the Loan Documents to declare all principal, interest and all other sums under the Loan Documents ("Amounts Due") due and payable immediately. Furthermore, the default rate of interest provided for in the Loan Documents shall now begin to accrue. As of November 17, 2008, the Amounts Due are:

|            |            |
|------------|-----------:|
| Principal  | $416,000.00 |
| Interest   | $   3,611.11 |
| Other      | $     106.46 |
| Per Diem   | $      52.00 |

FDIC as Receiver of Integrity Bank
Demand Letter - Real Estate



FDIC as Receiver of Integrity B
Demand Letter – Real Estate

Demand is hereby made upon the Guarantor for payment in full of the Amounts Due. Unless the Amounts Due are paid in full within 10 days of your receipt of this letter, the FDIC may turn this matter over to counsel to initiate collection activities and you will also become liable for attorneys fees and costs of collection.

Please be advised that because of this demand, the receipt or acceptance by the FDIC of any partial payment shall not act to cure the default which exists under the Loan Documents and that the demand for payment of the entire Amounts Due will continue to be in effect. The FDIC reserves its rights to pursue any and all rights and remedies which it has under law or equity, including foreclosure against any collateral or the filing of suit against any party who is liable under the Loan Documents.

Please call me should you have any questions.

Sincerely,

Don J. Valenta
Asset Manager
Phone # 678-405-6987

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | PR Custm 1 |
| Total Postage & Fees | $ | GR 1 |

Sent To *Ray Edgeworth*

Street, Apt. No.; or PO Box No. *5172 Legends Drive*

City, State, ZIP+4 *Braselton, GA 30517*

PS Form 3800, August 2006                    See Reverse for Instructions

**Certified Mail Provides:**
- A mailing receipt
- A unique identifier for your mailpiece
- A record of delivery kept by the Postal Service for two years

*Important Reminders:*
- Certified Mail may ONLY be combined with First-Class Mail® or Priority Mail®.
- Certified Mail is *not* available for any class of international mail.
- NO INSURANCE COVERAGE IS PROVIDED with Certified Mail. For valuables, please consider Insured or Registered Mail.
- For an additional fee, a *Return Receipt* may be requested to provide proof of delivery. To obtain Return Receipt service, please complete and attach a Return Receipt (PS Form 3811) to the article and add applicable postage to cover the fee. Endorse mailpiece "Return Receipt Requested". To receive a fee waiver for a duplicate return receipt, a USPS® postmark on your Certified Mail receipt is required.
- For an additional fee, delivery may be restricted to the addressee or addressee's authorized agent. Advise the clerk or mark the mailpiece with the endorsement *"Restricted Delivery"*.
- If a postmark on the Certified Mail receipt is desired, please present the article at the post office for postmarking. If a postmark on the Certified Mail receipt is not needed, detach and affix label with postage and mail.

**IMPORTANT: Save this receipt and present it when making an inquiry.**
PS Form 3800, August 2006 *(Reverse)* PSN 7530-02-000-9047

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Ray Edgeworth
Guarantor
PR Custom Homes, Inc.
5172 Legends Drive
Braselton, GA 30517

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
11-19

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☑ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)           ☐ Yes

2. Article Number
(Transfer from service label)

7007 2560 0000 5218 5277

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

**FDIC** - Don J. Valenta
**Federal Deposit Insurance Corporation**
*As Receiver for INTEGRITY BANK*
PO Box 2008, Alpharetta, GA 30023
11138 State Bridge Road
Alpharetta, GA 30022

4006 12400

# EXHIBIT "D"

Loan Name: P R CUSTOM HOMES INC
Account No. 400612600
FDIC Control No. P000435
Custodian ID No. 10012001473
AMO No. 3002.117

## OMNIBUS ASSIGNMENT

KNOW ALL MEN BY THESE PRESENTS:

THAT, the **FEDERAL DEPOSIT INSURANCE CORPORATION** (acting in any capacity, the "FDIC") **AS RECEIVER FOR INTEGRITY BANK,** at 550 17th Street, NW, Washington, D.C. 20429-0002 (hereinafter referred to as "Assignor" or "Grantor"), for value received, does by these presents, grant, bargain, sell, assign, transfer and set over to **MULTIBANK 2009-1 RES-ADC VENTURE, LLC, a Delaware limited liability company,** its successors and assigns (hereinafter referred to as "Assignee" or "Grantee"), at 700 NW 107 Avenue, Suite 400, Miami, Florida 33172, all right, title and interest in and to the loan identified below (the "Loan"), including without limitation all of Assignor's right, title and interest in any guaranties, loan participation interests, indemnities, claims, collateral, insurance policies, certificates of deposit, letters of credit, escrow accounts, performance bonds, demands, causes of action and any other security arising out of and/or executed and/or delivered in or to or with respect to that certain loan made by Integrity Bank to P R CUSTOM HOMES, INC. dated August 25, 2005 in the amount of $1,178,800.00, as same may have been modified or amended.

TO HAVE AND TO HOLD THE SAME UNTO SAID MULTIBANK 2009-1 RES-ADC VENTURE, LLC, ITS SUCCESSORS AND ASSIGNS.

THIS ASSIGNMENT IS MADE WITHOUT RECOURSE, REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, WRITTEN OR ORAL, BY THE FDIC AS RECEIVER FOR INTEGRITY BANK OR IN ITS CORPORATE CAPACITY. THE LOAN IS CONVEYED "AS IS" AND "WITH ALL FAULTS," WITHOUT ANY REPRESENTATION OR WARRANTY WHATSOEVER, INCLUDING AS TO COLLECTABILITY, ENFORCEABILITY, VALUE OF COLLATERAL, ABILITY OF ANY OBLIGOR TO REPAY, CONDITION, FITNESS FOR ANY PARTICULAR PURPOSE, MERCHANTABILITY OR ANY OTHER WARRANTY, EXPRESS OR IMPLIED, BY ANY PERSON, INCLUDING THE FDIC OR ITS OFFICERS EMPLOYEES, AGENTS OR CONTRACTORS.

Dated as of the 9th day of February, 2010.

ASSIGNOR:

FEDERAL DEPOSIT INSURANCE
CORPORATION AS RECEIVER FOR
INTEGRITY BANK

By: _____
Name: Vanessa A. Orta
Title:  Attorney-in-Fact

FileName: P R CUSTOM HOMES INC
AccountNo. 400612400
FDIC Control No. P000435
Custodian ID No. 10012001471
AMONo. 3002.115

## ALLONGE

THIS ALLONGE IS TO BE ATTACHED TO AND MADE AN INTEGRAL PART of the following instrument:

Note (and any amendments, modifications or changes thereto): NON-CONSUMER REAL ESTATE NOTE
Dated: August 25, 2005
Payable by: P R CUSTOM HOMES, INC.
Payable to the Order of: INTEGRITY BANK
Original Principal Amount: Four Hundred Sixteen Thousand and 00/100 Dollars ($416,000.00)

PAY TO THE ORDER MULTIBANK 2009-1 RES-ADC VENTURE, LLC, A DELAWARE LIMITED LIABILITY COMPANY, WITHOUT RECOURSE AND WITHOUT REPRESENTATION OR WARRANTY, EXPRESS, IMPLIED OR BY OPERATION OF LAW, OF ANY KIND AND NATURE WHATSOEVER.

FEDERAL DEPOSIT INSURANCE
CORPORATION AS RECEIVER FOR
INTEGRITY BANK
By:
Name:  Vanessa A. Orta
Title:   Attorney-in-Fact

Dated as of February 9, 2010

Loan Name: P R CUSTOM HOMES INC
Account No. 400612400
FDIC Control No. P000435
Custodian ID No. 10012001471
AMO No. 3002.115

## OMNIBUS ASSIGNMENT

KNOW ALL MEN BY THESE PRESENTS:

THAT, the **FEDERAL DEPOSIT INSURANCE CORPORATION** (acting in any capacity, the "FDIC") **AS RECEIVER FOR INTEGRITY BANK,** at 550 17th Street, NW, Washington, D.C. 20429-0002 (hereinafter referred to as "Assignor" or "Grantor"), for value received, does by these presents, grant, bargain, sell, assign, transfer and set over to **MULTIBANK 2009-1 RES-ADC VENTURE, LLC, a Delaware limited liability company,** its successors and assigns (hereinafter referred to as "Assignee" or "Grantee"), at 700 NW 107 Avenue, Suite 400, Miami, Florida 33172, all right, title and interest in and to the loan identified below (the Loan"), including without limitation all of Assignor's right, title and interest in any guaranties, loan participation interests, indemnities, claims, collateral, insurance policies, certificates of deposit, letters of credit, escrow accounts, performance bonds, demands, causes of action and any other security arising out of and/or executed and/or delivered in or to or with respect to that certain loan made by Integrity Bank to P R CUSTOM HOMES, INC. dated August 25, 2005 in the amount of $416,000.00, as same may have been modified or amended.

TO HAVE AND TO HOLD THE SAME UNTO SAID MULTIBANK 2009-1 RES-ADC VENTURE, LLC, ITS SUCCESSORS AND ASSIGNS.

THIS ASSIGNMENT IS MADE WITHOUT RECOURSE, REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, WRITTEN OR ORAL, BY THE FDIC AS RECEIVER FOR INTEGRITY BANK OR IN ITS CORPORATE CAPACITY. THE LOAN IS CONVEYED "AS IS" AND "WITH ALL FAULTS," WITHOUT ANY REPRESENTATION OR WARRANTY WHATSOEVER, INCLUDING AS TO COLLECTABILITY, ENFORCEABILITY, VALUE OF COLLATERAL, ABILITY OF ANY OBLIGOR TO REPAY, CONDITION, FITNESS FOR ANY PARTICULAR PURPOSE, MERCHANTABILITY OR ANY OTHER WARRANTY, EXPRESS OR IMPLIED, BY ANY PERSON, INCLUDING THE FDIC OR ITS OFFICERS EMPLOYEES, AGENTS OR CONTRACTORS.

Dated as of the 9th day of February, 2010.

ASSIGNOR:

FEDERAL DEPOSIT INSURANCE
CORPORATION AS RECEIVER FOR
INTEGRITY BANK

By: _____

Name: Vanessa A. Orta
Title: Attorney-in-Fact

# EXHIBIT "E"



OMB Approval No. 2502-0265

## A. Settlement Statement (HUD-1)

**B. Type of Loan**

| 1. ☐ FHA | 2. ☐ RHS | 3. ☒ Conv. Unins. | 6. File Number: 10-882 | 7. Loan Number: 0057432675 | 8. Mortgage Insurance Case Number: |
|---|---|---|---|---|---|
| 4. ☐ VA | 5. ☐ Conv. Ins. | | | | |

**C. Note:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name and Address of Borrower: | E. Name and Address of Seller: | F. Name and Address of Lender: |
|---|---|---|
| GLENN E. LESLIE and MELISSA A. LESLIE 40 RIVERCHASE DR. GADSDEN, AL 35901 | PEGGY J. EDGEWORTH and RAY ALLEN EDGEWORTH | COMPASS BANK 401 WEST VALLEY AVE HOMEWOOD, AL 35209 |

| G. Property Location: | H. Settlement Agent: 63-1214109 | I. Settlement Date: |
|---|---|---|
| 40 RIVERCHASE DR. GADSDEN, AL 35901 Etowah County, Alabama | COPELAND LAW FIRM, LLP 816 CHESTNUT STREET GADSDEN, AL 35901     Ph. (256)546-9500 | September 30, 2010 |
| | Place of Settlement: 816 CHESTNUT STREET GADSDEN, AL 35901 | |

| J. Summary of Borrower's transaction | | K. Summary of Seller's transaction | |
|---|---|---|---|
| **100. Gross Amount Due from Borrower:** | | **400. Gross Amount Due to Seller** | |
| 101. Contract sales price | 258,000.00 | 401. Contract sales price | 258,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement Charges to Borrower (Line 1400) | 8,349.02 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| **Adjustments for items paid by Seller in advance** | | **Adjustments for items paid by Seller in advance** | |
| 106. City/Town Taxes            to | | 406. City/Town Taxes            to | |
| 107. County Taxes               to | | 407. County Taxes               to | |
| 108. Assessments                to | | 408. Assessments                to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. Gross Amount Due from Borrower** | 266,349.02 | **420. Gross Amount Due to Seller** | 258,000.00 |
| **200. Amounts Paid by or in Behalf of Borrower** | | **500. Reductions in Amount Due to Seller:** | |
| 201. Deposit or earnest money | 5,000.00 | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 206,400.00 | 502. Settlement charges to Seller (Line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff First Mortgage to THE EXCHANGE BANK OF AL | 1,801.65 |
| 205. | | 505. Payoff Second Mortgage | |
| 206. | | 506. | |
| 207. | | 507. (Deposit disb. as proceeds) | |
| 208. | | 508. | |
| 209. Seller Paid Closing Costs | 8,000.00 | 509. Seller Paid Closing Costs | 8,000.00 |
| **Adjustments for items unpaid by Seller** | | **Adjustments for items unpaid by Seller** | |
| 210. City/Town Taxes            to | | 510. City/Town Taxes            to | |
| 211. County Taxes               to | | 511. County Taxes               to | |
| 212. Assessments                to | | 512. Assessments                to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. 2010 Property Taxes to ETOWAH COUNTY REVENUE | 832.28 |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total Paid by/for Borrower** | 219,400.00 | **520. Total Reduction Amount Due Seller** | 10,633.93 |
| **300. Cash at Settlement from/to Borrower** | | **600. Cash at settlement to/from Seller** | |
| 301. Gross amount due from Borrower (line 120) | 266,349.02 | 601. Gross amount due to Seller (line 420) | 258,000.00 |
| 302. Less amount paid by/for Borrower (line 220) | ( 219,400.00 ) | 602. Less reductions due Seller (line 520) | ( 10,633.93 ) |
| **303. Cash** ☒ From ☐ To Borrower | 46,949.02 | **603. Cash** ☒ To ☐ From Seller | 247,366.07 |



DEPOSITION EXHIBIT 9

PENGAD 800-631-6989

The Public Reporting Burden for this collection of information is estimated at 35 minutes per response for collecting, reviewing, and reporting the data. This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number. No confidentiality is assured; this disclosure is mandatory. This is designed to provide the parties to a RESPA covered transaction with information during the settlement process.

HUD-1
(10-882.PFD/10-882/8)

## L. Settlement Charges

| | | | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|---|---|
| **700. Total Real Estate Broker Fees** | | | | | |
| Division of commission (line 700) as follows: | | | | | |
| 701. $ | to | | | | |
| 702. $ | to | | | | |
| 703. Commission paid at settlement | | | | | |
| 704. | | | | | |
| 705. The following persons, firms or corporations received a portion of the real estate commission amount shown above: See Attached Page 4. | | | | | |
| **800. Items Payable in Connection with Loan** | | | | | |
| 801. Our origination charge | | $ 2,915.45 | (from GFE #1) | | |
| 802. Your credit or charge (points) for the specific interest rate chosen | | $ | (from GFE #2) | | |
| 803. Your adjusted origination charges | | | (from GFE #A) | 2,915.45 | |
| 804. Appraisal fee | to NATIONAL REAL ESTATE INFORMATION S | | (from GFE #3) POC:B425.00 | | |
| 805. Credit Report | to FIRST AMERICAN CREDCO | | (from GFE #3) POC:B16.00 | | |
| 806. Tax service | to dFIRST AMERICAN REAL ESTATE TAX | | (from GFE #3) | 75.00 | |
| 807. Flood certification | to FIRST AMERICAN FLOOD DATA SERVICE | | (from GFE #3) | 12.50 | |
| 808. Pest Inspection | | | (from GFE #6) | | |
| 809. | | | (from GFE #3) | | |
| 810. | | | (from GFE #3) | | |
| 811. | | | | | |
| **900. Items Required by Lender to Be Paid in Advance** | | | | | |
| 901. Daily interest charges from 10/01/10 to 10/01/10 | | @ $/day | (from GFE #10) | | |
| 902. Mortgage insurance premium for months to | | | (from GFE #3) | | |
| 903. Homeowner's insurance for 1.0 years to HODGES FORD INSURANCE | | | (from GFE #11) | 1,527.00 | |
| 904. Flood insurance 1.0 years to HODGES FORD INSURANCE | | | (from GFE #11) | 1,620.00 | |
| 905. | | | (from GFE #11) | | |
| **1000. Reserves Deposited with Lender** | | | (from GFE #9) | 663.22 | |
| 1001. Initial deposit for your escrow account | | | | | |
| 1002. Homeowner's insurance 3.000 months @ $ 127.25 per month | | $ 381.75 | | | |
| 1003. Mortgage insurance months @ $ per month | | $ | | | |
| 1004. Property taxes | | $ 138.72 | | | |
| Property Taxes 2.000 months @ $ 69.36 per month | | $ | | | |
| 1005. | | $ | | | |
| 1006. months @ $ per month | | $ | | | |
| 1007. Flood insurance 3.000 months @ $ 135.00 per month | | $ 405.00 | | | |
| 1008. | | $ | | | |
| 1009. Aggregate Adjustment | | $ -262.25 | | | |
| **1100. Title Charges** | | | (from GFE #4) | 1,097.25 | |
| 1101. Title services and lender's title insurance | to COPELAND LAW FIRM, LLP | $ 660.00 | | | |
| 1102. Settlement or closing fee | | | (from GFE #5) | | |
| 1103. Owner's title insurance to FIRST AMERICAN TITLE INSURANCE | | $ 437.25 | | | |
| 1104. Lender's title insurance to FIRST AMERICAN TITLE | | | | | |
| 1105. Lender's title policy limit $ 206,400.00 | | | | | |
| 1106. Owner's title policy limit $ | | | | | |
| 1107. Agent's portion of the total title insurance premium to COPELAND LAW FIRM, LLP | | | $ 306.07 | | |
| 1108. Underwriter's portion of the total title insurance premium to FIRST AMERICAN TITLE | | | $ 131.18 | | |
| 1109. | | | | | |
| 1110. | | | | | |
| 1111. | | | | | |
| 1112. | | | | | |
| 1113. | | | | | |
| **1200. Government Recording and Transfer Charges** | | | (from GFE #7) | 129.00 | |
| 1201. Government recording charges | to JUDGE OF PROBATE | | Other $ | | |
| 1202. Deed $ 63.00 Mortgage $ 66.00 Releases $ | | | (from GFE #8) | 309.60 | |
| 1203. Transfer taxes | to JUDGE OF PROBATE | | $ 309.60 | | |
| 1204. City/County tax/stamps | $ | | $ | | |
| 1205. State tax/stamps | $ | | $ | | |
| 1206. | | | | | |
| 1207. | | | | | |
| **1300. Additional Settlement Charges** | | | (from GFE #6) | | |
| 1301. Required services that you can shop for | | | | | |
| 1302. | | | | | |
| 1303. | | | | | |
| 1304. | | | | | |
| 1305. | | | | 8,349.02 | |
| **1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K)** | | | | | |

By signing page 1 of this statement, the signatories acknowledge receipt of a completed copy of page 2 & 3 of this three page statement.

COPELAND LAW FIRM, LLP, Settlement Agent

Certified to be a true copy.

HUD-1
(10-882.PFD/10-882/18)

**Comparison of Good Faith Estimate (GFE) and HUD-1 Charges**

| Charges That Cannot Increase | HUD-1 Line Number | Good Faith Estimate | HUD-1 |
|---|---|---|---|
| Our origination charge | # 801 | 2,915.45 | 2,915.45 |
| Your credit or charge (points) for the specific interest rate chosen | # 802 | | |
| Your adjusted origination charges | # 803 | 2,915.45 | 2,915.45 |
| Transfer taxes | #1203 | 516.10 | 309.60 |

| Charges That in Total Cannot Increase More than 10% | | Good Faith Estimate | HUD-1 |
|---|---|---|---|
| Government recording charges | #1201 | 124.00 | 129.00 |
| Appraisal fee | # 804 | 425.00 | 425.00 |
| Credit report | # 805 | 16.00 | 16.00 |
| Tax service | # 806 | 75.00 | 75.00 |
| Flood certification | # 807 | 12.50 | 12.50 |
| Total | | 652.50 | 657.50 |
| Increase between GFE and HUD-1 Charges | $ | 5.00  or | 0.77% |

| Charges That Can Change | | Good Faith Estimate | HUD-1 |
|---|---|---|---|
| Initial deposit for your escrow account | #1001 | 2,400.00 | 663.22 |
| Daily interest charges | # 901   $         /day | 402.90 | |
| Homeowner's insurance | # 903 | 1,200.00 | 1,527.00 |
| Pest inspection | # 808 | 150.00 | |
| Flood insurance | # 904 | 720.00 | 1,620.00 |
| Title services and lender's title insurance | #1101 | 1,214.00 | 1,097.25 |
| Owner's title insurance to FIRST AMERICAN TITLE INSURANCE | #1103 | 716.00 | |

## Loan Terms

| | |
|---|---|
| Your initial loan amount is | $ 206,400.00 |
| Your loan term is | 30 years |
| Your initial interest rate is | 4.7500 % |
| Your initial monthly amount owed for principal, interest and any mortgage insurance is | $ 1,076.68 includes<br>[X] Principal<br>[X] Interest<br>[ ] Mortgage Insurance |
| Can your interest rate rise? | [X] No  [ ] Yes, it can rise to a maximum of _____%. The first change will be on _____ and can change again every ___ months after _____. Every change date, your interest rate can increase or decrease by _____%. Over the life of the loan, your interest rate is guaranteed to never be lower than _____% or higher than _____%. |
| Even if you make payments on time, can your loan balance rise? | [X] No  [ ] Yes, it can rise to a maximum of $_____ |
| Even if you make payments on time, can your monthly amount owed for principal, interest, and mortgage insurance rise? | [X] No  [ ] Yes, the first increase can be on _____ and the monthly amount owed can rise to $_____. The maximum it can ever rise to is $_____. |
| Does your loan have a prepayment penalty? | [X] No  [ ] Yes, your maximum prepayment penalty is $_____. |
| Does your loan have a balloon payment? | [X] No  [ ] Yes, you have a balloon payment of $_____ due in ___ years on _____. |
| Total monthly amount owed including escrow account payments | [ ] You do not have a monthly escrow payment for items, such as property taxes and homeowner's insurance. You must pay these items directly yourself.<br>[X] You have an additional monthly escrow payment of $331.61 that results in a total initial monthly amount owed of $1,408.29. This includes principal, interest, any mortgage insurance and any items checked below.<br>[X] Property taxes   [X] Homeowner's insurance<br>[ ] Flood insurance   [ ]<br>[ ] |

Note:  If you have any questions about the Settlement Charges and Loan Terms listed on this form, please contact your lender.

HUD-1
(10-882.PFD/10-882/18)

## HUD-1 Attachment

Borrower(s): GLENN E. LESLIE and MELISSA A.
LESLIE
40 RIVERCHASE DR.
GADSDEN, AL 35901
Lender: COMPASS BANK
Settlement Agent: COPELAND LAW FIRM, LLP
(256)546-9500
Place of Settlement: 816 CHESTNUT STREET
GADSDEN, AL 35901
Settlement Date: September 30, 2010
Property Location: 40 RIVERCHASE DR.
GADSDEN, AL 35901
Etowah County, Alabama

Seller(s): PEGGY J. EDGEWORTH and RAY
ALLEN EDGEWORTH

### Seller Loan Payoff Details

| Payoff First Mortgage | to THE EXCHANGE BANK OF ALABAMA | Re:4607510010002886 |
|---|---|---|
| Loan Payoff | As of | |
| Total Additional Interest | days @ | Per Diem |
| **Total Loan Payoff** | **1,801.65** | |

### Adjusted Origination Charge Details

| | |
|---|---|
| **Origination Charge** | 2,064.00 |
| Origination Fee | |
| to  COMPASS BANK | 225.00 |
| Doc. Prep Fee | |
| to  POLUNKSY AND BEITEL | 300.00 |
| Processing Fee | |
| to  COMPASS BANK | 300.00 |
| Underwriting Fee | |
| to  COMPASS BANK | 26.45 |
| 4506T Trans.Request/MERS Reg. | |
| to  FIRST AMERICAN CREDCO/MERS | |
| Total  $ | 2,915.45 |

Origination Credit/Charge (points) for the specific interest rate chosen

Total  $ _____

Adjusted Origination Charges  $ **2,915.45**

### Reserves Deposited with Lender

| | |
|---|---|
| | 381.75 |
| Homeowner's Insurance | |
| 3.000 at127.25 per month | 138.72 |
| Property Taxes | |
| 2.000 at 69.36 per month | 405.00 |
| Flood Insurance | |
| 3.000 at135.00 per month | -262.25 |
| Aggregate Adjustment | |
| month | |
| Total  $ | 663.22 |

WARNING: It is a crime to knowingly make false statements to the United States on this or any similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

(10-882.PFD/10-882/18)

| Title Services and Lender's Title Insurance Details | | BORROWER | SELLER |
|---|---|---|---|
| Title Search | | 85.00 | |
| to COPELAND LAW FIRM, LLP | | | |
| Attorney Fee | | 500.00 | |
| to COPELAND LAW FIRM, LLP | | | |
| Title Insurance Commitment | | 50.00 | |
| to COPELAND LAW FIRM, LLP | | | |
| Shipping & Handling | | 25.00 | |
| to COPELAND LAW FIRM, LLP | | | |
| Lender's title insurance | | 437.25 | |
| to FIRST AMERICAN TITLE | | | |
| | **Total** | $ 1,097.25 | $ 0.00 |

| Lender's Title Insurance | | BORROWER | SELLER |
|---|---|---|---|
| *fees also shown above in Title Services and Lender's Title Insurance Details | | | |
| Lender's Policy Premium | | 437.25 | |
| to FIRST AMERICAN TITLE | | | |
| | **Total** | $ 437.25 | $ 0.00 |

WARNING: It is a crime to knowingly make false statements to the United States on this or any similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

(10-882.PFD/10-882/18)

## ACKNOWLEDGMENT OF RECEIPT OF SETTLEMENT STATEMENT

| | |
|---|---|
| **Borrower:** | GLENN E. LESLIE and MELISSA A. LESLIE |
| **Seller:** | PEGGY J. EDGEWORTH and RAY ALLEN EDGEWORTH |
| **Lender:** | COMPASS BANK |
| **Settlement Agent:** | COPELAND LAW FIRM, LLP |
| | (256)546-9500 |
| **Place of Settlement:** | 816 CHESTNUT STREET |
| | GADSDEN, AL  35901 |
| **Settlement Date:** | September 30, 2010 |
| **Property Location:** | 40 RIVERCHASE DR. |
| | GADSDEN, AL 35901 |
| | Etowah County, Alabama |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

_____
GLENN E. LESLIE

_____
MELISSA A. LESLIE

_____
PEGGY J. EDGEWORTH

_____
RAY ALLEN EDGEWORTH

To the best of my knowledge, the HUD-1 Settlement Statement which I have prepared is a true and accurate account of the funds which were received and have been or will be disbursed by the undersigned as part of the settlement of this transaction.

_____
COPELAND LAW FIRM, LLP
Settlement Agent

**WARNING:** It is a crime to knowingly make false statements to the United States on this or any similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

(10-882.PFD/10-882/14)

# EXHIBIT "F"

FileName: P R CUSTOM HOMES INC
AccountNo. 400612600
FDIC Control No. P000435
Custodian ID No. 10012001473
AMONo. 3002.117
Quantum ID No. 7000012687 & 7000012695


## ALLONGE


THIS ALLONGE IS TO BE ATTACHED TO AND MADE AN INTEGRAL PART of the following instrument:

Note (and any amendments, modifications or changes thereto): NON-CONSUMER REAL ESTATE NOTE
Dated: August 25, 2005
Payable by: P R CUSTOM HOMES, INC.
Payable to the Order of: INTEGRITY BANK
Original Principal Amount: One Million One Hundred Seventy-Eight Thousand Eight Hundred and 00/100 Dollars ($1,178,800.00)

PAY TO THE ORDER OF **RES–GA ELEVEN, LLC, A GEORGIA LIMITED LIABILITY COMPANY**, WITHOUT RECOURSE AND WITHOUT REPRESENTATION OR WARRANTY, EXPRESS, IMPLIED OR BY OPERATION OF LAW, OF ANY KIND AND NATURE WHATSOEVER.

MULTIBANK 2009-1 RES-ADC VENTURE, LLC, a Delaware limited liability company

By: RL RES 2009-1 Investments, LLC, a Delaware limited liability company, its Manager

By: Rialto Capital Advisors, LLC, a Delaware limited liability company, its attorney-in-fact

By: _____
Name: Doris Galczak
Title: Senior Manager – Legal Entities

Dated as of March 22, 2012.

FileName: P R CUSTOM HOMES INC
AccountNo. 400612600
FDIC Control No. P000435
Custodian ID No. 10012001473
AMONo. 3002.117
Quantum ID No. 7000012687 & 7000012695

## OMNIBUS ASSIGNMENT

KNOW ALL MEN BY THESE PRESENTS:

THAT, **MULTIBANK 2009-1 RES-ADC VENTURE, LLC, a Delaware limited liability company,** at 730 NW 107 Avenue, Suite 400, Miami, Florida 33172 (hereinafter referred to as "**Assignor**" or "**Grantor**"), for value received, does by these presents, grant, bargain, sell, assign, transfer and set over to **RES–GA ELEVEN, LLC, a Georgia limited liability company, its successors and assigns** (hereinafter referred to as "**Assignee**" or "**Grantee**"), at 730 NW 107 Avenue, Suite 400, Miami, Florida 33172, all right, title and interest in and to the loan identified below (the "**Loan**"), including without limitation all of Assignor's right, title and interest in any guaranties, loan participation interests, indemnities, claims, collateral, insurance policies, certificates of deposit, letters of credit, escrow accounts, performance bonds, demands, causes of action and any other security and/or other loan documents arising out of and/or executed and/or delivered in or to or with respect to that certain $1,178,800.00 loan, as same may have been modified or amended, to P R CUSTOM HOMES, INC., dated August 25, 2005, made by INTEGRITY BANK.

TO HAVE AND TO HOLD THE SAME UNTO SAID **RES–GA ELEVEN, LLC**, ITS SUCCESSORS AND ASSIGNS.

THIS ASSIGNMENT IS MADE WITHOUT RECOURSE, REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, WRITTEN OR ORAL, BY THE ASSIGNOR. THE LOAN, AS ASSIGNED AND MODIFIED, IS CONVEYED "AS IS" AND "WITH ALL FAULTS," WITHOUT ANY REPRESENTATION OR WARRANTY WHATSOEVER, INCLUDING AS TO COLLECTABILITY, ENFORCEABILITY, VALUE OF COLLATERAL, ABILITY OF ANY OBLIGOR TO REPAY, CONDITION, FITNESS FOR ANY PARTICULAR PURPOSE, MERCHANTABILITY OR ANY OTHER WARRANTY, EXPRESS OR IMPLIED, BY ANY PERSON, INCLUDING ASSIGNOR OR ITS OFFICERS, EMPLOYEES, AGENTS OR CONTRACTORS.

### [SIGNATURE PAGE TO FOLLOW]

Dated as of March 22, 2012.

MULTIBANK 2009-1 RES-ADC VENTURE,
LLC, a Delaware limited liability company

By:  RL RES 2009-1 Investments, LLC, a
Delaware limited liability company, its Manager

By:  Rialto Capital Advisors, LLC, a
Delaware limited liability company, its
attorney-in-fact

By: _____
Name: Doris Galczak
Title: Senior Manager – Legal Entities

FileName: P R CUSTOM HOMES INC
AccountNo. 400612400
FDIC Control No. P000435
Custodian ID No. 10012001471
AMONo. 3002.115
Quantum ID No. 7000012661

## ALLONGE

THIS ALLONGE IS TO BE ATTACHED TO AND MADE AN INTEGRAL PART of the following instrument:

Note (and any amendments, modifications or changes thereto): NON-CONSUMER REAL ESTATE NOTE
Dated: August 25, 2005
Payable by: P R CUSTOM HOMES, INC.
Payable to the Order of: INTEGRITY BANK
Original Principal Amount: Four Hundred Sixteen Thousand and 00/100 Dollars ($416,000.00)

PAY TO THE ORDER OF **RES–GA ELEVEN, LLC, A GEORGIA LIMITED LIABILITY COMPANY**, WITHOUT RECOURSE AND WITHOUT REPRESENTATION OR WARRANTY, EXPRESS, IMPLIED OR BY OPERATION OF LAW, OF ANY KIND AND NATURE WHATSOEVER.

> MULTIBANK 2009-1 RES-ADC VENTURE, LLC, a Delaware limited liability company
>
> By: RL RES 2009-1 Investments, LLC, a Delaware limited liability company, its Manager
>
> By: Rialto Capital Advisors, LLC, a Delaware limited liability company, its attorney-in-fact
>
> By: _____
> Name: Doris Galczak
> Title: Senior Manager – Legal Entities

Dated as of March 22, 2012.

FileName: P R CUSTOM HOMES INC
AccountNo. 400612400
FDIC Control No. P000435
Custodian ID No. 10012001471
AMONo. 3002.115
Quantum ID No. 7000012661

## OMNIBUS ASSIGNMENT

KNOW ALL MEN BY THESE PRESENTS:

THAT, **MULTIBANK 2009-1 RES-ADC VENTURE, LLC, a Delaware limited liability company**, at 730 NW 107 Avenue, Suite 400, Miami, Florida 33172 (hereinafter referred to as "**Assignor**" or "**Grantor**"), for value received, does by these presents, grant, bargain, sell, assign, transfer and set over to **RES–GA ELEVEN, LLC, a Georgia limited liability company, its successors and assigns** (hereinafter referred to as "**Assignee**" or "**Grantee**"), at 730 NW 107 Avenue, Suite 400, Miami, Florida 33172, all right, title and interest in and to the loan identified below (the "**Loan**"), including without limitation all of Assignor's right, title and interest in any guaranties, loan participation interests, indemnities, claims, collateral, insurance policies, certificates of deposit, letters of credit, escrow accounts, performance bonds, demands, causes of action and any other security and/or other loan documents arising out of and/or executed and/or delivered in or to or with respect to that certain $416,000.00 loan, as same may have been modified or amended, to P R CUSTOM HOMES, INC., dated August 25, 2005, made by INTEGRITY BANK.

TO HAVE AND TO HOLD THE SAME UNTO SAID **RES–GA ELEVEN, LLC**, ITS SUCCESSORS AND ASSIGNS.

THIS ASSIGNMENT IS MADE WITHOUT RECOURSE, REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, WRITTEN OR ORAL, BY THE ASSIGNOR. THE LOAN, AS ASSIGNED AND MODIFIED, IS CONVEYED "AS IS" AND "WITH ALL FAULTS," WITHOUT ANY REPRESENTATION OR WARRANTY WHATSOEVER, INCLUDING AS TO COLLECTABILITY, ENFORCEABILITY, VALUE OF COLLATERAL, ABILITY OF ANY OBLIGOR TO REPAY, CONDITION, FITNESS FOR ANY PARTICULAR PURPOSE, MERCHANTABILITY OR ANY OTHER WARRANTY, EXPRESS OR IMPLIED, BY ANY PERSON, INCLUDING ASSIGNOR OR ITS OFFICERS, EMPLOYEES, AGENTS OR CONTRACTORS.

### [SIGNATURE PAGE TO FOLLOW]

Dated as of March 22, 2012.

MULTIBANK 2009-1 RES-ADC VENTURE,
LLC, a Delaware limited liability company

By:  RL RES 2009-1 Investments, LLC, a
Delaware limited liability company, its Manager

By:  Rialto Capital Advisors, LLC, a
Delaware limited liability company, its
attorney-in-fact

By: _____
Name: Doris Galczak
Title: Senior Manager – Legal Entities