

ORDERED in the Southern District of Florida on December 21, 2016.

Erik P. Kimball, Judge
United States Bankruptcy Court
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                                              Case No. 16-21474-EPK

RAY A. EDGEWORTH and                              Chapter 7
PEGGY W. EDGEWORTH,

       Debtors.
_____/

ORDER SETTING DEADLINES AND
EVIDENTIARY HEARING IN CONTESTED MATTER

       To expedite and facilitate the evidentiary hearing of *Res-Ga Eleven, LLC's Objection to Debtors' Claimed Exemptions* [ECF No. 31] (the "Motion") filed by RES-GA Eleven, LLC (the "Movant"), it is ORDERED as follows:

    1.    **DISCOVERY**. All discovery shall be completed not later than seven (7) days before the evidentiary hearing. The Court will allow discovery after that date only upon a showing of good cause.

    2.    **MEDIATION**. Pursuant to Local Rule 9019-2, the Court may order the assignment of this contested matter to mediation at any time, upon the request of a party or upon the Court's own motion.

    3.    **DOCUMENTS REQUIRED BEFORE EVIDENTIARY HEARING**.

    A.    Each party shall deliver to each opposing party (but not file), so as to be received no later than 4:00 p.m. four (4) business days prior to the evidentiary hearing, the following documents:

        (1)    A set of pre-marked exhibits (including summaries) intended to be offered as evidence at the evidentiary hearing. Exhibits tendered by movant(s) shall be marked numerically, and exhibits tendered by respondent(s) shall be marked alphabetically. Presentation and exchange of exhibits shall conform to Local Rule 9070-1.

        (2)    With regard to any summary the party will offer in evidence at the evidentiary hearing, a notice of the location(s) of the books, records, and the like, from which each summary has been made, and the reasonable times when they may be inspected and copied by adverse parties.

        (3)    A list showing the name and, if not previously provided, the address and telephone number of each witness that the party may call at the evidentiary hearing other than solely for impeachment.

    B.    Unless otherwise ordered, each party shall file and deliver, so as to be received no later than 4:00 p.m. two (2) business days prior to the evidentiary hearing, any objection to the admissibility of any proposed exhibit, including any deposition transcript or recording (audio or video) or any summary. The objection must (i) identify the exhibit, (ii) state the grounds for the objection, and (iii) provide citations to case law and other authority in support of the objection. <u>An objection not so made - except for one under Federal Rule of Evidence 402 or 403 - is waived unless excused by the Court for good cause.</u>

4.    **COMPLIANCE WITH FEDERAL JUDICIARY PRIVACY POLICY**. All papers, including exhibits, submitted to the Court must comply with the federal judiciary privacy policy as referenced under Local Rule 5005-1(A)(2).

5.    **FINAL ARGUMENT**. At the conclusion of the evidentiary hearing, in lieu of final argument, the Court may request that each party file a proposed memorandum opinion with findings of fact and conclusions of law and a separate proposed final order.

6.    **SETTLEMENT**. If the contested matter is settled, the parties shall submit to the Court a stipulation approved by all parties and a motion for approval of the same prior to the date of the evidentiary hearing. If a stipulation and motion are not submitted to the Court, all parties shall be prepared to proceed with the evidentiary hearing. If the contested matter is removed from the calendar based upon the announcement of a settlement, the contested matter will not be reset for hearing if the parties fail to consummate the settlement. In such event, the Court will consider only a motion to enforce the settlement, unless

the sole reason the settlement is not consummated is that the Court did not approve the settlement, in which case the matter will be reset for hearing at a later date.

7. **SANCTIONS**.  Failure to appear at the evidentiary hearing or to comply with any provision of this order may result in appropriate sanctions, including the award of attorney's fees, striking of papers, exclusion of exhibits or witnesses, or the granting or denial of the Motion.

8. **CONTINUANCES**.  Continuances of the evidentiary hearing or any deadlines set forth in this order must be requested by written motion.  Any request for continuance or amendment to this order shall set forth the status of discovery and shall state the reasons why the party or parties seek a continuance.

9. **EVIDENTIARY HEARING; SERVICE**.  The Court will hold an evidentiary hearing on the Motion [ECF No. 31] on **March, 24, 2017 at 9:30 a.m.** at United States Bankruptcy Court, The Flagler Waterview Building, 8th Floor, Courtroom B, 1515 North Flagler Drive, West Palm Beach, Florida 33401.  The Movant shall serve a copy of this Order on all appropriate parties and file a certificate of service thereof as required by this Court's local rules.

###

Copies furnished to:

Mark S. Roher, Esq.
Law Office of Mark S. Roher, P.A.
Counsel for RES-GA Eleven, LLC
5701 N. Pine Island Road, Suite 301
Fort Lauderdale, Florida 33321
Email: mroher@markroherlaw.com
Telephone: (954) 353-2200
Facsimile: (954) 724-5047